IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

UNITED STATES OF AMERICA,      :
      :
      :           **CASE NO:**
v.      :      **7:26-cr-4–WLS-ALS-3**
      :
      :
SHELETHA JILL MITCHELL,      :
      :
Defendant.      :

## ORDER

Previously, the Court provided the Parties with notice that Defendant Sheletha Jill Mitchell's ("Mitchell")[1] case was scheduled for pretrial conference on Wednesday, March 18, 2026, at 3:00 p.m., and for trial during the Court's Valdosta Specially Set Trial Term beginning April 13, 2026 (Doc. 38). In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) Defendant Mitchell filed a timely Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 40) ("Motion") to allow her counsel time to receive and review discovery, properly investigate, and discuss the case with Defendant Mitchell so as to provide her with effective assistance of counsel. Defense Counsel represents that she conferred with Government's counsel, who does not oppose the Motion.

Defendant further states that the ends of justice served by granting the continuance outweigh the best interests of the public and the United States Attorney's Office[2] in a speedy trial, and that the period of delay in continuing the trial **to the beginning of the next term** be excluded under the Speedy Trial Act 18 U.S.C. § 3161. As Defense Counsel is aware, the Court may schedule multiple criminal trials during a term of Court and thus finds that the

---

[1] Based on the Speedy Trial Act deadline, the pretrial conference and trial dates of Mitchell's Co-Defendants Kenyatta Denard Mitchell and Cedric Lervell Sears were set for Wednesday, April 1, 2026 (pretrial conference) and for the May 2026 Valdosta Trial Term beginning Monday, May 4, 2026. (*See* Doc. 39).

[2] To satisfy 18 U.S.C. § 3161(h)(7)(A)-(B), the Court assumes Defense Counsel intended to state that the ends of justice served by granting the continuance outweigh the best interests of the public and the *Defendant* in a speedy trial, and the Court so finds based on the statements in the Motion.

1

period of delay in continuing the trial **through the conclusion of the trial term** is excludable under the Speedy Trial Act.

The Court notes that Defendant Mitchell requests a continuance to the Court's next regularly scheduled trial term which for Valdosta cases is the May 2026 Trial term, beginning May 4, 2026. The pretrial conference for the May 2026 Trial Term will be held in approximately two weeks on April 1, 2026. Based on Defense Counsel's statements regarding the status of this case, the Court finds that a continuance to the Court's August 2026 Valdosta Trial Term will best serve the ends of justice and will provide Defense Counsel the reasonable time necessary for effective preparation of this case.

Accordingly, based on the Defendant Mitchell's reasons as stated above and in her Motion and the Court's review of the entire record, the Court finds that a continuance is required for Defense Counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 40) is **GRANTED**, as follows:

1.    The trial in the above-referenced matter is **CONTINUED** to the Court's Valdosta Division **August 2026** Trial Term and its **conclusion**, or as may otherwise be ordered by the Court.

2.    In the event either Defense Counsel or Government's Counsel believe the case will be ready for trial during the May 2026 Valdosta Trial Term, then on or before **Monday, March 23, 2026**, such Party shall file the appropriate motion to set this case for such term of Court. Counsel should confer in advance of filing such motion.

3.    Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would (a) likely result in a miscarriage of justice, (b) deny Defendant the continuity of counsel, and (c) deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

2

4.    The March 18, 2026 pretrial conference is **CANCELLED**.

**SO ORDERED**, this 16th day of March 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**